**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES CARR, | ) | CASE NO.  1: 07 CR 323 |
| | ) | 1: 09 CV 359 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

This matter comes before the Court upon Petitioner James Carr's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (ECF # 464.)

**I.**

On December 28, 2007, pursuant to a written plea agreement, Petitioner admitted guilt to one count of conspiracy to possess with intent to distribute and to distribute one kilogram or more of a mixture or substance containing a detectable amount of phencyclidine ("PCP") (Count 1 of the Superceding Indictment), being a felon in possession of a firearm (Count 46 of the Superceding Indictment), and one count of possession with intention to distribute counterfeit crack cocaine (Count 48 of the Superceding Indictment, as amended by the plea agreement). The Court sentenced Petitioner to 151 months of incarceration on Counts 1 and 48, and 120 months of incarceration on Count 46, such terms of incarceration to run concurrently, with supervised release to follow.

On February 16, 2009, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (ECF # 464.) On March 27, 2009, Respondent filed an Opposition to Petitioner's Motion, requesting that the Court deny the Motion in its entirety. (ECF # 467.)

**II.**

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. In order to obtain relief under § 2255, a petitioner who entered a guilty plea "must demonstrate the existence of an error of constitutional magnitude" that had a "substantial and injurious effect or influence" on the plea. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

**III.**

In order to succeed on a claim of ineffective assistance of counsel, Petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. United States*, 466 U.S. 668, 694 (1984). Here, Petitioner alleges ineffective assistance of counsel based upon his counsel's alleged failure to: file a Motion to Vacate his guilty plea (Ground One), pursue impeachment evidence (Ground Two),

2

pursue a Motion to Suppress Evidence (Ground Three), and challenge the matter in which the indictment was obtained (Ground Four).  (ECF # 464.)

With respect to Ground One, counsel's failure to file a Motion to Vacate Petitioner's guilty plea, the record reflects that Petitioner made the strategic decision to knowingly and voluntarily enter a guilty plea.  Petitioner fails to demonstrate error or prejudice in connection with the failure to move to withdraw his guilty plea and has not shown that his counsel's conduct was objectively unreasonable.  Hence, Ground One of the Motion is without merit.

As to Ground Two, counsel's alleged failure to pursue impeachment evidence, Petitioner likewise fails to demonstrate error or prejudice.  That is, Petitioner fails to demonstrate that, had his counsel pursued the alleged impeachment material, he would not have entered a plea of guilty.  Based upon the record in this case, which reflects a knowing and voluntary plea of guilty, the Court finds Ground Two of the Motion to be without merit.

As to Ground Three, counsel's alleged failure to pursue a Motion to Suppress, Petitioner again fails to demonstrate error or prejudice.  The record reflects that, although Petitioner's counsel did file a Motion to Suppress and a Supplemental Motion to Suppress, Petitioner ultimately made the strategic decision to enter a knowing and voluntary guilty plea.  In doing so, Petitioner agreed to waive his claims related to the Motions to Suppress.  Accordingly, the Court finds Ground Three of the Motion to be without merit.

Finally, as to Ground Four, counsel's alleged failure to challenge the matter in which the indictment was obtained, Petitioner fails to demonstrate error or prejudice.  Petitioner argues that his counsel should have required the presentation of a new indictment to the grand jury as to Count 48, reflecting that the substance at issue was counterfeit crack cocaine, instead of real

crack cocaine.  By knowingly and voluntarily entering a plea of guilty pursuant to the plea agreement, however, Petitioner waived his right to reindictment.  As such, the Count finds Ground Four of the Motion to be without merit.

In this case, there is no evidence in the record to suggest that Petitioner did not understand what he was doing and did not knowingly and voluntarily plead guilty.  Petitioner made what he thought was the best decision, and cannot now claim that his counsel led him astray.  Because Petitioner fails to affirmatively demonstrate that his counsel's conduct fell below the objective standard of reasonableness,  the Court shall not grant relief based upon the alleged ineffective assistance of counsel set forth in Grounds One through Four of the Motion.

**IV.**

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under 28 U.S.C. § 2255, no evidentiary hearing is required to resolve the pending Motion.  For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is DENIED.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S. C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED.

                                                                         *s/ Donald C. Nugent*
                                                                         DONALD C. NUGENT
                                                                         United States District Judge

DATED: <u>August 27, 2009</u>